The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has shown good ground to reconsider the evidence. The Full Commission REVERSES the Opinion and Award of the deputy commissioner and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner as a
 STIPULATION
A set of plaintiffs medical records, marked as Stipulated Exhibit Number One, consisting of 90 exhibit pages, is admitted into evidence.
 * * * * * * * * * * *
Based upon all of the competent evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was twenty-three years old. He resided in the home of his parents. He completed the eleventh grade of high school and later obtained a GED. Plaintiff was left hand dominant.
2. For four-to-five years prior to the hearing, plaintiff worked for defendant-employer sporadically, primarily during the summer months when plaintiff was not attending school. The business was engaged in construction, primarily small building and repair projects. Plaintiff had also been employed by a large home improvement store for the two years preceding May, 1997.
3. In May, 1997, plaintiff was unemployed after being terminated by the home improvement store. One evening while plaintiff was in the home of his uncle, Mr. Leonard Collier, III, plaintiffs uncle spoke to Mr. J.T. Parker on the telephone. After finishing his telephone conversation with Mr. Parker, Leonard Collier informed plaintiff that he could begin working. Plaintiff did not discuss the terms of his employment with Mr. Parker or Leonard Collier. He began working for the construction business the following day. Leonard Collier provided plaintiff with transportation to the work site on his first day of employment. On that day, the men were erecting a small building behind a private home.
4. In June, 1997, the business began performing roof repair work on a tobacco warehouse. At that time, the work crew consisted of plaintiff, Jed Colely, Leonard Collier, III and Mr. Parker. Mr. Parkers primary responsibility was to supply the laborers with materials. On some occasions, Mr. Parkers grandchildren worked for the business.
5. J.T. Parker negotiated the terms of the agreement for the roof repair work to be done on the warehouse. The owner of the tobacco warehouse compensated the construction business based upon the number of hours of work performed.
6. On 24 June 1997, plaintiff was working on the roof of the tobacco warehouse. While working on the roof, plaintiff fell through a skylight in the warehouse roof. Plaintiff fell approximately twenty feet and landed on the concrete floor inside the warehouse. Plaintiff sustained severe injuries to his right arm. He also sustained an injury to his head. As a result of his injuries, plaintiff was hospitalized for approximately one week. On 24 June 1997, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
7. On 24 June 1997, plaintiff, Leonard Collier and Jed Colely were working on the warehouse roof and were regularly employed by defendant-employer. Mr. Parker was also performing work on the work site. Three of Mr. Parkers grandchildren were on the work site, assisting with the work to some degree. Mr. Parker allowed these children to be on the work site at the request of their mother. These children did not earn wages for their assistance. These children were not employees of the business.
8. Defendant, J.T. Parker was a sole proprietor doing business as J.T. Parker Construction.
9. Plaintiff has proven that defendant, J.T. Parker, doing business as J.T. Parker Construction, had three employees regularly employed in his construction business at the time of his injury on 24 June 1997.
10. J.T. Parkers testimony that he was in partnership with Leonard Collier, III is not accepted as credible for the following reasons:
a) The business was solely in the name of J.T. Parker.
 b) J.T. Parker or his wife kept all the payroll records and books of the business.
 c) J.T. Parker had previously been in partnership with another person, Chester Corbitt for about 15 years. The business name was Corbitt and Parker, which reflected the name of both partners.
 d) J.T. Parker testified that he was receiving social security and did not want his earnings to affect his social security so he arranged for Leonard Collier to bill for some of the work done by the business. This arrangement was designed to benefit J.T. Parker and does not establish a partnership.
 e) Leonard Collier III who did not testify was approximately twenty-six or twenty-seven years old and had been working for J.T. Parker.
 f) J.T. Parker was the person who entered into the oral contract to do repairs with the owner of the warehouse where plaintiff was injured. J.T. Parker negotiated the terms of the agreement.
 g) Plaintiff testified that Leonard Collier, his uncle, was an employee and that his uncle had no authority to hire him. J.T. Parker was the person who gave permission for plaintiff to report to work.
h) Plaintiff was paid by J.T. Parker and not Leonard Collier, III.
11. As a result of injuries sustained from his fall on 24 June 1997, plaintiff was incapable of earning wages in any employment from 24 June 1997 through the middle of September 1998.
12. Since on or about 15 September 1998, plaintiff has been capable of earning $240.00 per week, which is less than his pre-injury wage of $280.00.
13. As a result of his injury, plaintiff has a 35% permanent partial disability to his right wrist.
14. As a result of the injury sustained from his fall on 24 June 1997, plaintiff required extensive medical care and treatment including hospitalization, surgery and follow up treatment.
15. As a result of the injury to his wrist from his fall of 24 June 1997, plaintiff is likely to need surgery in the future and other future medical treatment.
16. In light of the employers uninsured status and other considerations in this case, payment of plaintiffs permanent partial disability rating is more favorable than partial disability for diminished wage earning capacity under N.C. Gen. Stat. 97-30.
17. Plaintiffs average weekly wage of $280.00 yields a compensation rate of $186.65 per week.
 * * * * * * * * * * *
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 24 June 1997, defendant, J.T. Parker doing business as J.T. Parker Construction was a sole proprietor and regularly employed three or more employees. Therefore, defendant is subject to the provisions of the North Carolina Workers Compensation Act. N.C. Gen. Stat. 97-2(1).
2. On 24 June 1997, plaintiff sustained a compensable injury by accident to his head and arm arising out of and in the course of his employment when he fell twenty feet from a roof onto a concrete floor. N.C. Gen. Stat. 97-2(6).
3. As a result of his compensable injury plaintiff is entitled to temporary total disability compensation from 24 June 1997 through 15 September 1998 and permanent partial disability compensation for 70 weeks for the 35% impairment rating to his right wrist.
4. Plaintiff is entitled to payment by defendant for all medical expenses arising from his injury by accident.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Subject to the attorneys fee awarded herein, defendant shall pay to plaintiff compensation for temporary total disability at the rate of $186.65 per week from 24 June 1997 through 15 September 1998. Defendant shall pay to plaintiff compensation for permanent partial disability for 70 weeks at the rate of $186.65 per week.
2. Defendant shall pay all of plaintiffs medical expenses arising from his injury when bills are presented to him.
3. An attorneys fee of 25% of the compensation due plaintiff herein is awarded to plaintiffs attorney.
4. Defendant, J.T. Parker, individually doing business as J.T. Parker Construction, is individually liable for the indemnity and medical compensation due plaintiff herein.
5. As defendant is uninsured, this case is referred to the Fraud Investigations Section of the North Carolina Industrial Commission to initiate civil penalty and/or criminal actions against the defendant, as deemed appropriate under N.C. Gen. Stat. 97-94, for the failure of the defendant to comply with N.C. Gen. Stat. 97-93.
6. Defendant shall pay the costs due this Commission.
7. The Full Commission retains jurisdiction of this case.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________________ LAURA K. MAVRETIC COMMISSIONER
S/ ____________________ RENÉE C. RIGGSBEE COMMISSIONER
BSB:md